**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4559**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JERRY ELMO HARTSOE,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:13-cr-00479-CMC-1)

Submitted: January 14, 2015        Decided: January 29, 2015

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Elmo Hartsoe was convicted by a jury of eight counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012); and one count of making false statements, in violation of 18 U.S.C. § 1001 (2012). Hartsoe asserts that his convictions should be vacated because he argues that the district court erred when it allowed into evidence statements he made to law enforcement before being read his rights, in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). Finding no error, we affirm.

We review the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010); United States v. Colonna, 511 F.3d 431, 434 (4th Cir. 2007). When a suppression motion has been denied, this court "construe[s] the evidence in the light most favorable to the [G]overnment." Id. "Moreover, when a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks omitted).

There is no dispute that Miranda warnings are required when a subject is interrogated while in custody. Miranda, 384

2

U.S. at 444. The test for determining whether an individual is in custody for <u>Miranda</u> purposes is whether, under the totality of the circumstances, the suspect's freedom of action is curtailed to a degree associated with formal arrest. <u>Berkemer v. McCarty</u>, 468 U.S. 420, 440 (1984). Thus, the key question is whether, viewed objectively, a reasonable man in the suspect's position would have believed he was "in custody." <u>Id.</u> at 442.

Because Hartsoe's presence was voluntary at all times prior to, during, and after his interview by law enforcement, we find it unlikely that a reasonable person in Hartsoe's position would have believed himself to be in custody during the search of his business. Hartsoe was not summoned to the search location by law enforcement, law enforcement agents were not actively seeking Hartsoe, nor did they do anything to encourage his arrival. In fact, when Hartsoe arrived at the scene of the search, law enforcement asked Hartsoe to leave. And Hartsoe's own testimony evidences that his demeanor upon arriving at the scene was aggressive and demanding, and not indicative of someone who was intimidated and believed he was in law enforcement custody.

Once inside the location of the search, the record establishes that Hartsoe voluntarily entered a separate room with the agents so he could escape the commotion caused by law enforcement's search, and the agents informed him that he was

not under arrest and that he was free to leave. In fact, Hartsoe testified that he approached two agents to ask them questions about the search warrant, and that he ultimately ended the conversation with the agents by telling them to "Call me when you're done, I'll come back."

Based on the foregoing, we find that a reasonable man in Hartsoe's position would not have believed himself to be "in custody." See United States v. Hargrove, 625 F.3d 170, 179-82 (4th Cir. 2010) (finding defendant not "in custody" during police questioning where some officers were armed upon entry of the defendant's home; officers directed the occupants' actions during the initial safety sweep of the residence, and conducted a safety pat down of the defendant; only two agents were with the defendant during the interview; the defendant was never placed in handcuffs and although the agents who questioned him were armed, their firearms were not drawn during the interview and they did not threaten defendant; one of the agents told the defendant prior to the interview that he was not under arrest and was free to leave; the interview was conducted at the defendant's residence and not a law enforcement facility; and the defendant was free to move about his home during the search so long as he did not interfere with the search).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED